IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JENNIFER A. DUNKLEY,<br><br>**Plaintiff,**<br><br>v.<br><br>**ILLINOIS DEPARTMENT OF HUMAN SERVICES, KIMBERLEY PELTES, and MONICA MONROY,**<br><br>**Defendants.** | Case No. 3:19-CV-01146-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Motion to Consolidate Cases (Doc. 17) filed by all Defendants, a Motion to Stay Proceeding (Doc. 18) filed by all Defendants, and a Motion for Extension of Time to File Answer (Doc. 19) filed by all Defendants. For the reasons set forth below, the Court grants the Motion to Consolidate and finds the other pending motions moot.

### FACTUAL BACKGROUND

On December 18, 2018, Jennifer Dunkley filed an action in this Court against her labor union local, American Federation of State, County and Municipal Employees ("AFSCME") Local 2600; and her employer, the Illinois Department of Human Services, for alleged racial discrimination under 42 U.S.C. § 1981 and Title VII of the Human Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq. Dunkley v. Ill. Dept. of Hum. Servs.*, 18-cv-2189 at Doc. 1 (S.D. Ill.).

On October 22, 2019, Dunkley filed the instant action in this Court against the Illinois Department of Human Services and certain individual agents of that entity, again alleging racial discrimination under 42 U.S.C. § 1981 and Title VII of the Human Rights Act of 1964 (Doc. 1). Dunkley's allegations in both actions arise out of her period of employment as a trainee by with the Illinois Department of Human Services, her failure to advance from her trainee position, and certain disciplinary actions taken against her during her employment (Doc 1). *See Dunkley v. Ill. Dep't of Hum. Servs.*, 19-cv-01146 at Doc. 1 (S.D. Ill.).

## ANALYSIS

### I.  Motion to Consolidate

*A. Applicable Law*

Federal Rule of Civil Procedure 42 permits to consolidate actions involving "a common question of law or fact[.]" The Supreme Court has recognized that district courts have "substantial discretion" in deciding when to consolidate cases. *Hall v. Hall*, 138 S. Ct. 1118, 1131 (2018). "The purpose behind a Rule 42(a) consolidation is to promote judicial efficiency, but not if prejudice caused to any of the parties outweighs it." *McKnight v. Illinois Cent. R. Co.*, 2009 U.S. Dist. LEXIS 49539 at *3 (S.D. Ill. June 12, 2009) (citing *Ikerd v. Lapworth*, 435 F.2d 197, 204 (7th Cir. 1970)). On February 25, 2020, Defendants in this action moved to consolidate with Dunkley's first-filed action (Doc. 17).

*B. Discussion*

Here, Dunkley has brought claims arising out of the same events under the same statutes against substantially similar sets of defendants. Dunkley concedes that "some

form of consolidation…may be appropriate" (Doc. 23 at 1), but asks that consolidation not be permitted to the extent that it will delay her case or complicate the process of appeal. Given the clear similarities between these actions, the Court views it as significantly more expedient to consolidate. Consolidation will avoid duplication of discovery, and is indeed more likely to accelerate rather than delay resolution of Dunkley's claims. While Dunkley is correct in noting that consolidation may affect the time at which Dunkley is permitted to appeal decisions regarding one of the several defendants in a consolidated action, the Court feels that the defendants in the actions at issue here are not so numerous that resolution of all claims would unduly delay any appeal by Dunkley.

## Conclusion

For the reasons set forth above, the Court **GRANTS** Defendants' Motion to Consolidate and finds as moot the Motion to Stay and Motion for Extension. The Clerk of Court is **DIRECTED** to consolidate this action with 18-2189-NJR. All future filings related to this case shall bear **Cause No. 18-2189-NJR**. Defendants shall file their Answer to the claims set forth in 19-1146-NJR on or before **June 17, 2020**.

The Clerk of Court shall file this Order in 18-2189-NJR and administratively close this case pursuant to the consolidation.

**IT IS SO ORDERED.**

DATED:   May 27, 2020

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**